## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY VISION, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-2617 |
| | § | |
| SOLID WASTE SERVICES, INC. | § | |
| D/B/A J.P. MASCARO & SONS, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons (Mascaro) has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2).[1]  ECF 2.  Plaintiff has not filed a timely response and under Local Rules of the Southern District of Texas the Court may deem the motion unopposed.  LOC. R. S.D. TEX. 7.3, 7.4.  The Court recommends that this case be dismissed due to lack of personal jurisdiction over Defendant Mascaro.

### I.    Factual and Procedural Background

Safety Vision, LLC is a Texas Limited Liability Company with its principal place of business and home office in Texas.  ECF 2-3.  Mascaro is a Pennsylvania corporation with its headquarters in Pennsylvania.  *Id.*  Safety Vision entered into a contract to sell and install camera equipment and related products and services to Mascaro.  *Id.* at 5.  Mascaro sued Safety Vision in state court in Montgomery County, Pennsylvania in April 2022 claiming that Safety Vision breached its obligations by failing to deliver products in working condition.  ECF 2-1 at 5.  Safety Vision sued Mascaro in state court in Harris County, Texas in July 2022 claiming it is owed $376,022.35 from Mascaro for outstanding invoices.  ECF 2-3 at 6.

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 6.

Mascaro timely removed the Texas state court case to this federal court on the basis of diversity jurisdiction.  ECF 1.  A few days after removal, Mascaro filed its Motion to Dismiss for lack of personal jurisdiction.  ECF 2.  The Court promptly issued a scheduling order, set the case for an initial conference, and referred the case to this Magistrate Judge for pretrial management. ECF 3, 5, 6.  As reflected in an October 12, 2022 docket entry, the Court canceled the Initial Conference pending a ruling on the Motion to Dismiss.  To date, Plaintiff has not responded to the Motion to Dismiss.

## II.    Legal Standards

### A.  Rule 12(b)(2) Standards

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1016 (S.D. Tex. 2018), aff'd sub nom. *Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215 (5th Cir. 2020).  When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by prima facie evidence.  *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020).  The court determines whether plaintiff has met this prima facie burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion.  *Id.*; *Fintech Fund*, 327 F. Supp. 3d at 1016.  However, the court is not required to credit conclusory allegations, even if uncontroverted.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).  If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair.  *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).

### B.  Due Process Standards

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the forum state's long-arm statute, and (2) to the extent permitted by the due process clause of the Fourteenth Amendment.  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).  Because the Texas long-arm statute is coextensive with the limits of federal due process, this court need only address whether the exercise of jurisdiction over a defendant comports with the requirements of the Fourteenth Amendment. *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir.1999).

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has "purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice."  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).  Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong of the due process analysis, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the forum (general jurisdiction).  *Alpine View*, 205 F.3d at 215; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984).  The "continuous and systematic contacts" test required for general jurisdiction requires extensive,

3

substantial contacts and is a difficult test to meet. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Under the second prong of the due process analysis, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice. The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

### III.    Analysis

Although Plaintiff failed to respond to the Motion to Dismiss, the Court may not grant the motion solely on that basis. *See Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011) ("unopposed motions to dismiss that dispose of litigation may not be automatically granted"). Yet, by not responding to the motion, Plaintiff has failed to meet its burden to present jurisdictional facts which counter those presented by Defendant.

### A.    Plaintiff has not met its prima facie burden to show minimum contacts sufficient to satisfy general jurisdiction.

The Supreme Court has "made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)). The "paradigm forum for the exercise of general jurisdiction" over a corporation are the corporation's place of incorporation and the principal place of business. *Id.* While those places may not be the only forums in which a corporation may be subject to general jurisdiction, a

corporation is not subject to general jurisdiction in every state in which it "engages in a substantial, continuous, and systematic course of business." *Id.* at 138.

The sole basis for personal jurisdiction over Mascaro asserted in Plaintiff's Original Petition is that Mascaro transacted business in Texas by entering a contract with a Texas business to purchase products and services to be delivered from Texas. ECF 2-3 at 4. According to recent Supreme Court precedent, these allegations do not evidence the type of continuous and systematic contacts that would render Mascaro at home in Texas. *Id.* at 139; *see also Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 674 (S.D. Tex. 2014) ("An out-of-state defendant that merely does business with Texas businesses or customers will not be subject to general jurisdiction if it does not have a lasting physical presence in the state."). Thus, Plaintiff has failed to present allegations to support the exercise of general personal jurisdiction over Mascaro in Texas.

**B.     Plaintiff has not met its prima facie burden to show minimum contacts sufficient to satisfy specific jurisdiction.**

Plaintiff alleges Mascaro purposefully availed itself of a Texas forum by entering into a contract with a Texas business to purchase products and services to be delivered from the Texas business. ECF 2-3 at 4. "When analyzing minimum contacts for a breach of contract case, the court is to utilize a 'highly realistic approach' rather than 'mechanical tests' or 'theories of the place of contracting or performance' to determining whether [specific] personal jurisdiction exists." *Garcia Hamilton & Assocs., L.P. v. RBC Cap. Markets, LLC*, 466 F. Supp. 3d 692, 702 (S.D. Tex. 2020) (citing *Jones v. Artists Rights Enf't Corp.*, 789 F. App'x. 423, 426 (5th Cir. 2019)). Under the highly realistic approach, merely contracting with a Texas company, communicating with a Texas company, and making payments to a Texas account have been held insufficient to establish specific personal jurisdiction. *Id.* at 702-03 (citations omitted). The highly realistic

approach considers "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine whether 'the defendant purposefully established minimum contacts' with the forum state.'"  *Id.* at 703 (citations omitted).

Defendant has presented evidence of the following uncontradicted facts related to its contacts with Texas:

- Mascaro maintains a fleet of approximately 333 waste collection and transportation trucks that serve customers solely in Pennsylvania and New Jersey.  ECF 2-1 at 2; ECF 2-2 at 2.

- Mascaro has no office, officers, employees, property, or bank accounts in Texas. ECF 2-2 at 3.

- Mascaro has never paid taxes in Texas.  *Id.*

- Mascaro has no licenses to conduct business and no registered agent in Texas.  *Id.*

- Mascaro has never marketed its services or solicited business in Texas.  *Id.* at 4.

- Mascaro did not travel to Texas to negotiate the contract and did not sign a contract in Texas.  *Id.*

- Safety Vision shipped the products ordered by Mascaro to Pennsylvania to be installed and serviced in Pennsylvania.  ECF 2-1 at 3-4.

- All face-to-face meetings between Mascaro representatives and Safety Vision representatives took place in Pennsylvania.  ECF 2-2 at 4.

- Mascaro paid invoices from its operating accounts in Pennsylvania.  *Id.*

These undisputed facts establish that Defendant's conduct relating to the contract at issue does not support specific jurisdiction:  the focus of the contract at issue was on activities in Pennsylvania and the only connection between the contract and Texas is the fact that Plaintiff is located here.

*See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("It is well established that 'merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.'" (citation omitted)); *Garcia Hamilton & Assocs., L.P.*, 466 F. Supp. 3d at 703 (communicating and negotiating via instant messages with plaintiff located in Texas, entering into a contract with plaintiff located in Texas, and sending payments to plaintiff located in Texas did not support specific jurisdiction because these activities were not "directed" at Texas and were fortuitous contacts resulting only from the fact that plaintiff resided in Texas). In sum, Plaintiff has failed to make a prima facie showing that the exercise of specific personal jurisdiction over Mascaro is appropriate in this case.

### C.    Alternatively, Defendant has met its burden to show that the exercise of specific personal jurisdiction in this case would be unfair.

Because Plaintiff has not met its prima facie burden, the Court need not address whether Mascaro has shown that the exercise of jurisdiction by this Court would violate notions of fundamental fairness. *Renoir v. Hantman's Assocs., Inc.*, 230 F. App'x 357, 360 (5th Cir. 2007) ("Because the appellees never established minimum contacts with the forum state, we need not consider whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice."). Nonetheless, the undisputed jurisdictional facts demonstrate that the exercise of personal jurisdiction in this case would be unfair. Mascaro beat Safety Vision to the courthouse by initiating a lawsuit in Pennsylvania in April 2022. ECF 2-1 at 5. It would be unduly burdensome on Mascaro, and indeed on Plaintiff too, to be forced to litigate the contract in two forums. Duplicative litigation runs counter to the judicial system's interest in the efficient resolution of controversies. No written contract between the parties provides a choice of law provision (ECF 2-1 at 3-4), and nothing in the record reflects that Safety Vision cannot obtain

7

effective relief in Pennsylvania on its claims related to the contract.  Finally, because the contract focused on activities in Pennsylvania, Pennsylvania has the greater interest in this litigation.

**IV.    Conclusion and Recommendation**

Because Mascaro does not have minimum contacts with Texas necessary to support general or specific jurisdiction and the exercise of personal jurisdiction over Mascaro in this forum would offend traditional notions of fairness and substantial justice, this case should be dismissed without prejudice. *See American Realty Tr., Inc. v. Hamilton Lane Advisors, Inc*., 115 F. App'x 662, 666 (5th Cir. 2004) (where district court's ruling on personal jurisdiction does not address the merits of plaintiff's claims, dismissal should be without prejudice to filing in an appropriate forum). Therefore, the Court RECOMMENDS that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) be GRANTED and this case be DISMISSED without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 30, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge